# IN THE UNITED STATES DISTRICT COURT FOR THE NORTHERN DISTRICT OF FLORIDA TALLAHASSEE DIVISION

**REIYN J. KEOHANE,**
**D.O.C. # Y55036,**

   **Plaintiff,**

**vs.**                                         Case No.  **4:20cv559-WS-MAF**

**MARK S. INCH, et al.,**

   **Defendants.**
**_____/**

## REPORT AND RECOMMENDATION

An Order was entered in early April 2021, directing the pro se Plaintiff to file a second amended civil rights complaint.  ECF No. 13.  Plaintiff belatedly filed a motion for an extension of time or for the appointment of counsel.  ECF No. 14.  It was construed as a motion for an extension of time and was granted, ECF No. 15, despite several deficiencies with the filing.  Plaintiff was given until **June 25, 2021**, in which to file a second amended complaint in compliance with the April 6th Order.  ECF No. 15.  Plaintiff was warned that if she failed to comply with that Order, it would result in a recommendation to dismiss this case.

Because nothing further has been received from Plaintiff, it appears that she has abandoned this litigation. Dismissal for failure to prosecute is now appropriate.[1]

"A district court, as part of its inherent power to manage its own docket, may dismiss a case sua sponte" when a Plaintiff "fails to prosecute or" otherwise comply with a court order. See Ciosek v. Ashley, No. 3:13cv147/RV/CJK, 2015 WL 2137521, at *2 (N.D. Fla. May 7, 2015). The Supreme Court has held that "[t]he authority of a court to dismiss sua sponte for lack of prosecution has generally been considered an 'inherent power,' governed not by rule or statute but by the control necessarily vested in courts to manage their own affairs . . . . " Link v. Wabash R.R. Co., 370 U.S. 626, 630, 82 S. Ct. 1386, 1389, 8 L. Ed. 2d 734 (1962) (quoted in Betty K Agencies, Ltd. v. M/V MONADA, 432 F.3d 1333, 1337 (11th Cir. 2005)); *see also* N.D. Fla. Loc. R. 41.1. Because Plaintiff did not comply with a Court Order and has failed to prosecute this case, this case should now be dismissed. Dismissal should be without prejudice so that Plaintiff could re-file this case when and if she decides to do so.

---

[1] Because this is the second time Plaintiff has failed to comply with a court Order and a Report and Recommendation has been entered, *see* ECF No. 5, this case should be dismissed and not continued.

Case No. 4:20cv559-WS-MAF

## RECOMMENDATION

It is respectfully **RECOMMENDED** that this case be **DISMISSED** for failure to prosecute and failure to comply with a Court Order.

**IN CHAMBERS** at Tallahassee, Florida, on July 12, 2021.

 S/    Martin A. Fitzpatrick
**MARTIN A. FITZPATRICK**
**UNITED STATES MAGISTRATE JUDGE**

## NOTICE TO THE PARTIES

**Within fourteen (14) days after being served with a copy of this Report and Recommendation, a party may serve and file specific written objections to these proposed findings and recommendations. Fed. R. Civ. P. 72(b)(2). A copy of the objections shall be served upon all other parties. A party may respond to another party's objections within fourteen (14) days after being served with a copy thereof. Fed. R. Civ. P. 72(b)(2). <u>Any different deadline that may appear on the electronic docket is for the Court's internal use only and does not control.</u> If a party fails to object to the Magistrate Judge's findings or recommendations as to any particular claim or issue contained in this Report and Recommendation, that party waives the right to challenge on appeal the District Court's order based on the unobjected-to factual and legal conclusions.** *See* **11th Cir. Rule 3-1; 28 U.S.C. § 636.**